OPINION
Defendant-appellant Lance Schaeffer appeals the September 20, 2001 Judgment Entry of the Ashland Municipal Court which found him guilty of one count of disorderly conduct in violation of R.C. 2917.11(B)(2). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On July 8, 2001, appellant was charged with a violation of R.C.2917.11(B)(2), a minor misdemeanor. The complaint stated:
 [appellant] did * * * while voluntarily intoxicated create a condition which presents a risk of physical harm to himself. Specifically, Def. Was seen staggering in the area of commercial at N. Center. Def. Was walking north and was unable to remain out of the roadway to his intoxicated state.
Appellant entered a plea of not guilty to the charge.
On August 17, 2001, appellant filed a motion to declare R.C.2917.11(B)(2) unconstitutional. In a September 20, 2001 Judgment Entry, the trial court noted appellant withdrew his previously entered plea of not guilty and entered a plea of no contest to the charge. The trial court sentenced appellant to pay a fine of $100.00 plus court costs. While there is no Judgment Entry overruling appellant's motion, we find the trial court overruled the motion sub silencio.
Appellant appeals from the September 20, 2001 Judgment Entry, assigning the following error for our review:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO THE APPELLANT IN FAILING TO FIND THAT OHIO REVISED CODE SECTION 2917.11(B)(2) IS UNCONSTITUTIONAL.
In appellant's sole assignment of error, he maintains the trial court erred in failing to find R.C. 2917.11(B)(2) is unconstitutional. We disagree.
Appellant pled no contest to a charge of Disorderly Conduct by reason of intoxication in violation of R.C. 2917.11(B)(2). The statute states, in relevant part:
 (B) No person, while voluntarily intoxicated, shall do either of the following:
 (2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another.
Appellant contends R.C. 2917.11(B)(2) is unconstitutionally vague and overbroad. We agree with the Second District Court of Appeals and find R.C. 2917.11(B)(2) to be constitutional.[1] Further, we agree with the reasoning employed by the Ninth District Court of appeals in finding RC2917.11(A) to be constitutional. When the words used to describe prohibited conduct are capable of objective measurement, the statute is not unconstitutionally vague or overbroad.[2]
Accordingly, appellant's sole assignment of error is overruled.
The September 21, 2001 Judgment Entry of the Ashland County Municipal Court is affirmed.
By: Hoffman, P.J., Farmer, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Municipal Court is affirmed. Costs assessed to appellant.
[1] State v. Johnson (Dec. 21, 1994), Montgomery App. No. CA14485, unreported.
[2] State v. Selwyn, (April 21, 1982), Summit App. No. 10472, unreported.